Argued and submitted June 15, affirmed August 24, 1983

STATE ex rel GRAND JURY
FOR DOUGLAS COUNTY,
the July-August 1982 Term of Court,
*Appellant,*

*v.*

BERNIER,
*Respondent.*

(Misc.; CA A26602)

668 P2d 455

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Dan W. Clark, Roseburg, argued the cause and filed the brief for respondent.

William L. Tufts, Cooperating Attorney, Oregon Criminal Defense Lawyers Association, Eugene, filed a brief amicus curiae.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals the dismissal of a motion for an order to show cause why defendant should not be held in contempt for refusal to answer questions before a grand jury. We affirm.

Defendant, an attorney representing Michael Palone, who failed to appear for trial on a criminal charge, was subpoenaed to appear before the grand jury inquiring into a possible charge against Palone for failure to appear. Defendant declined to answer questions regarding any notification he had given Palone of the trial date, asserting that he had an obligation under ORS 9.460(5)[1] to maintain the confidence and preserve the secrets of his client. The foreman of the grand jury signed a motion for an order requiring defendant to show cause why he should not be held in contempt under ORS 33.010(1)(j) for refusal to answer the questions. That statute provides:

"(1) The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

"* * * * *

(j) Disobedience of a subpena duly served, or refusing to be sworn or answer as a witness.

"* * * * *"

The motion was supported by the foreman's affidavit reciting the question asked and defendant's refusal to answer. The trial court granted defendant's motion to dismiss, stating in part:

"* * * The affidavit supporting the claim of contempt in the instant case is deficient in that it fails to disclose that the grand jury itself, as distinguished from the prosecutor, insisted on the Defendant's testimony despite the claim of privilege. Granting the motion to dismiss would be justified on this ground.

---

[1] ORS 9.460 provides

"An attorney shall:

"* * * * *

"(5) Maintain inviolate the confidence, and at every peril to himself, preserve the secrets of his clients * * *

"* * * * *."

"However, this Court is of the opinion that one who claims a privilege should not be required to gamble his liberty on the one hand, or censure of the bar on the other, without a prior impartial adjudication of the validity of the claimed privilege following a demand for testimony from the grand jury."

The state challenges each of the alternate grounds for the trial court's action. We do not reach the question of the sufficiency of the foreman's affidavit, because we agree with the trial court that the validity of defendant's refusal should have been adjudicated before contempt proceedings could begin. We conclude that a witness before a grand jury who declines to answer particular questions has not "refus[ed] to * * * answer as a witness" under ORS 33.010(1)(j) until there is an adjudication of the justification for the refusal, a court order to answer the questions and a subsequent refusal by the witness.

We are aware of no Oregon cases that discuss this issue, and it appears to have been infrequently considered in other jurisdictions. In *Gendron v. Burnham,* 146 Me 387, 82 A2d 773 (1951), the Supreme Judicial Court of Maine provided an excellent discussion of the problem in the case of a grand jury witness who had refused to answer a question on the ground of self-incrimination. Although the opinion stressed the constitutional dimensions of the privilege, we believe the same considerations apply to any justification for a refusal to answer before the grand jury. We quote that opinion at length:

"Refusal by a witness to answer a question before the grand jury because of an honest but mistaken belief on his part that the answer would be self incriminating does not constitute contempt. * * * The grand jury is not the judge of the applicability of the privilege to questions directed to a witness. Whether the question is such that the answer thereto could be self incriminatory is a question for the court and until the witness has been taken before the court that question cannot be determined. * * * If the court rules against the privilege he cannot then be punished for contempt unless and until he has been given an opportunity to return before the grand jury and answer such question or questions as the court has ruled are not privileged and has directed him to answer. * * * [I]t is the *unjustifiable refusal* to answer a question before the grand jury that constitutes contempt. * * * [R]efusal to answer a question in order that the witness may in good faith interpose even an unfounded objection to making answer thereto, and obtain a

ruling of court thereon is not unjustifiable, and is wholly within the rights of the witness. In such case to be unjustifiable and constitute contempt the refusal to answer must be made after the court has ruled upon the question of privilege and directed that answer be made.

"* * * * *

"In the contempt proceeding against the prisoner the court ruled that as he admitted being asked the questions and giving the answers which appeared in the affidavit, that that was sufficient to hold him for contempt, and then proceeded to sentence him to six months in jail therefor. This ruling by the court was erroneous. There being no evidence in the record which would justify a finding that the refusal to answer the questions before the grand jury was contumacious or obstructive, the witness was entitled to have specific rulings as to whether or not he should answer each question which he had refused to answer. He was further entitled to an opportunity to answer such questions as the court ruled did not call for self incriminatory disclosures and which the court directed him to answer. This opportunity was not afforded him. The court made no ruling on the several questions as to whether or not the witness should answer the same, nor did it direct him to answer any of them or give him opportunity therefor. There was no contempt, and the sentence for contempt was not justified. * * *" 146 Me at 405-07.

*Accord, Michaels v. Superior Court,* 184 Cal App 2d 820, 7 Cal Rptr 858 (1960); *Layman v. Webb,* 350 P2d 323 (Okla Crim App 1960).

 A witness who asserts a privilege or other similar ground for refusal to answer should not be forced to guess whether his refusal is justified or whether he is subject to contempt. His refusal should be treated similarly to an objection in trial in open court; until there is a ruling by the court on the objection, the failure to respond is not contemptuous. Grand jury witnesses are not required to answer every question put to them. "Refusal to answer as a witness" implies that the refusal is *unjustified,* and whether the refusal is legally unjustified is a determination to be made by the court, not by the prosecutor or the grand jury.

 Defendant and the state argue about whether the grand jury is an "appendage of the court" such that a refusal to answer before the grand jury constitutes a refusal to answer

"in respect to a court of justice, or proceedings therein" under ORS 33.010(1)(j). That issue is not dispositive. Regardless of the relationship of the grand jury to the circuit court, the grand jury is not empowered to rule on whether there is a legal justification for the refusal to answer.[2]

At oral argument, the state conceded that before defendant could be held in contempt he would have to have had a ruling on the validity of his refusal but contended that the proper procedure for seeking the ruling was exactly that followed here, *i.e.,* a motion for an order to show cause. We disagree. The procedure initiated in this case was the one specified in ORS 33.040, which provides in part:

> "In cases other than those mentioned in ORS 33.030,[3] before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance. The affidavit shall set forth the facts constituting the contempt * * *."

That procedure is not the proper means of asking the court for a ruling on the refusal. The affidavit must set out "the facts constituting the contempt," after which the court may issue an order to show cause. As we have indicated, there is no contempt before there has been a specific ruling on the refusal and an order to answer the question. ORS 33.040 requires the affidavit to state the facts constituting the contempt.[4]

As in *Gendron,* here there was nothing in the affidavit indicating that a court had ruled that defendant was required to answer the question and that he had refused to answer as

---

[2] We note, however, that this case does not present the issue of a witness who has absolutely refused to testify at all. Here we address only the situation in which a witness refuses to answer specific questions.

[3] ORS 33.030 details the procedure for a direct contempt proceeding.

[4] The question is not presented, and we do not address, whether a refusal to answer before the grand jury after a court order to do so constitutes indirect contempt for purposes of ORS 33.040 or direct contempt under ORS 33.030.

ordered by the court. Thus, the affidavit does not show facts constituting contempt, and the court's dismissal was not error.

Affirmed.